# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY J. SMITH, | ) | Case No. 3:17-cv-191 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| NAVIENT SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Gregory Smith initiated this action on October 17, 2017, by filing a two-count Complaint before this Court (ECF No. 1). Smith alleged that Navient Solutions, LLC ("Navient"), a loan servicing agency, violated the Telephone Consumer Protection Act (the "TCPA") and intruded on Smith's privacy by using automated systems to call his cell phone approximately 134 times during a seven week period, despite the fact that Smith repeatedly requested that Navient cease calling him. (*See* ECF No. 1 at ¶¶ 13-19.)

On March 6, 2018, the Court entered an Initial Scheduling Order ("Order"). (ECF No. 21.) The Order gave the parties until April 20, 2018 to amend the pleadings. (*Id.*) Neither of the parties filed an amended pleading by the deadline.

On July 6, 2018—approximately ten weeks after the deadline to amend the pleadings passed—Smith filed a Motion to Amend the Complaint ("Motion") (ECF No. 24). Smith wishes

to add a third count against Navient for violating the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA").[1] Navient opposes the Motion. (ECF No. 27.)

The Motion is fully briefed (*see* ECF Nos. 24, 27) and is ripe for disposition. For the reasons explained below, the Court will **DENY** the Motion.

## II. Jurisdiction

The Court has jurisdiction over Smith's federal claim pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Smith's state law claims pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

## III. Background

Smith argues that the Court should grant him leave to amend his Complaint under Rule 15. Smith asserts that his Amended Complaint "will not allege additional factual allegations and merely seeks to add an additional cause of action that relies on the same set of facts alleged in his complaint." (ECF No. 24 at 1-2.) Smith contends that there will be no undue delay because discovery remains ongoing. (*Id.* at 2.) He also states that there is no evidence of bad faith and that Navient will not suffer prejudice, because discovery is still ongoing and the Amended Complaint relies on the same facts alleged in the original Complaint. (*Id.* at 4.)

In response, Navient contends that the Court should deny Smith's Motion because Smith failed to satisfy Rule 16's "good cause" requirement for modifying a scheduling order. (ECF No.

---

[1] Smith incorrectly refers to the FCEUA as "the Pennsylvania Fair Debt Collection Practices Act" throughout his brief. The "short title" of the statute that Smith invokes provides that "[t]his act shall be known and may be cited as the Fair Credit Extension Uniformity Act." 73 Pa.C.S. § 2270.1.

2

27 at 2.) Navient asserts that Smith failed to cite Rule 16 or give any explanation for why he failed to bring his FCEUA claim in his original Complaint. (*Id.*) Navient further contends that Smith cannot demonstrate "good cause" because Smith admits that his Amended Complaint "relies on the same set of facts" as his original Complaint, which indicates that Smith had sufficient facts to allege the FCEUA claim before the deadline to amend the pleadings passed. (*Id.*) Navient also speculates that Smith tactically elected to wait to bring his FCEUA claim until this point because, while the TCPA does not provide for attorney's fees,[2] the FCEUA does. Navient states that it would be prejudiced if the Court granted Smith's Motion because Navient has devised a litigation strategy and decided to expend resources based on the fact that Smith's original claims did not include attorney's fees. (*Id.* at 5.)

## IV. Discussion

Federal Rule of Civil Procedure 15 governs amendments to pleadings. *See* Fed. R. Civ. P. 15. But, as this Court recently stated, "when a party seeks leave to amend the pleadings after the deadline set by a court's scheduling order, that party must first satisfy Rule 16(b)(4)'s requirements for modifying a scheduling order." *Abed-Rabuh v. Hoobrajh*, No. 3:17-CV-15, 2018 WL 300453, at *2 (W.D. Pa. Jan. 4, 2018) (Gibson, J.) (quoting *Hadeed v. Advanced Vascular Res. of Johnstown, LLC*, No. 3:15-CV-22, 2017 WL 4286343, at *2 (W.D. Pa. Sept. 26, 2017) (Gibson, J.). Accordingly, the Court will begin by analyzing Smith's Motion under Rule 16.

### A. Rule 16 Analysis

Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with

---

[2] *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 668 (2016) (observing that "the TCPA does not provide for an attorney's-fee award.")

3

the judge's consent." Fed. R. Civ. P. 16. As this Court recently noted, "[i]n the Rule 16(b)(4) context, 'good cause' looks to the diligence of the party seeking modification of the scheduling order." *Abed-Rabuh*, 2018 WL 300453, at *2 (quoting *Hadeed*, 2017 WL 4286343, at *2). "The moving party has the burden to demonstrate 'good cause' under Rule 16(b)(4) before a court will consider amending under Rule 15." *Abed-Rabuh*, 2018 WL 300453, at *2 (quoting *Hadeed*, 2017 WL 4286343, at *2).

The Court finds that Smith failed to demonstrate good cause. Smith did not articulate a *single* reason for why he failed to assert his FCEUA claim within the deadline to amend the pleadings. For instance, Smith does not allege that, after the deadline to amend the pleadings expired, he discovered additional facts, or obtained new information, relevant to his FCEUA claim. Instead, Smith acknowledges that his claim rests on the *exact same facts* as those he already asserted in his original Complaint, and merely argues that the Court should grant him leave to amend because Rule 15 applies a liberal standard to amending the pleadings. While Smith correctly characterizes Rule 15's standard as liberal, he completely ignores the fact that he bears the burden to establish "good cause" before the Court may amend its previous Order. Because Smith has failed to articulate a reason for his failure to assert his claim FCEUA within the timeframe permitted by the Court's Order, the Court finds that Smith failed to satisfy his burden to demonstrate "good cause."

## V. Conclusion

Because Smith failed to demonstrate "good cause" for his failure to assert his FCEUA claim prior to the deadline for amending the pleadings, the Court will **DENY** Smith's Motion.

An appropriate order follows.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY J. SMITH, | ) | Case No. 3:17-cv-191 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| NAVIENT SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this **31st** day of July, 2018, upon consideration of Smith's Motion to Amend (ECF No. 24), and in accordance with the attached memorandum opinion, **IT IS HEREBY ORDERED** that the motion is **DENIED**.

BY THE COURT:

_[signature]_

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE