IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| GREGORY J. SMITH, | ) |
| --- | --- |
| | ) |
| | ) CIVIL ACTION NO. 3:17-191 |
| Plaintiff, | ) |
| | ) JUDGE KIM R. GIBSON |
| v. | ) |
| | ) |
| NAVIENT SOLUTIONS, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is Defendant Navient Solutions, LLC's Motion for Protective Order (ECF No. 36) and Plaintiff Gregory J. Smith's Motion to Compel Discovery (ECF No. 39). These motions are fully briefed (*see* ECF Nos. 36, 40, 42) and are ripe for disposition. The Court held oral argument on this discovery dispute on November 1, 2018. (*See* ECF No. 45.) Because the Motions involve the same issues, the Court will rule on them together. For the reasons that follow, the Court will **GRANT** the Motions in part and **DENY** them in part.

I. Background

This case arises from a dispute between Smith and Navient regarding Navient's telephone communications with Smith. (*See* ECF No. 1.) Smith alleges (1) that Navient violated the Telephone Consumer Protection Act (TCPA) by calling Smith after Smith revoked consent to be called, and (2) that Navient tortiously invaded Smith's privacy and seclusion by calling Smith after Smith revoked consent. (*Id.* ¶¶ 1-2.)

The instant discovery dispute involves three separate issues. First, Navient objects to Smith's request to take the Rule 30(b)(6) deposition of a Navient corporate designee. (ECF No. 36 at 4-8; ECF No. 40 at 9-11.) Navient argues that in a prior TCPA-based lawsuit against Navient involving the same plaintiff's counsel, Smith's counsel and Navient's counsel agreed that the deposition testimony of Navient's 30(b)(6) corporate designee could be reused in future cases to avoid duplicative discovery. (ECF No. 36 at 6.) Smith disagrees, arguing that the agreement between counsel in a prior case has no binding effect on this case. (ECF No. 40 at 9.)

Second, Navient objects to Smith's request for production of certain documents, including (1) documents about Navient's transitioning from a Noble phone system to an ININ phone system and (2) documents about Navient's efforts to ensure that its call systems comply with the TCPA. (ECF No. 36 at 6-7; ECF No. 40 at 7-9.) Smith argues that the requested documents may help prove that Navient willfully or knowingly violated the TCPA, which would entitle Smith to enhanced damages. (ECF No. 40 at 8.)

And third, Navient objects to Smith's request to depose two Navient employees who called Smith. (ECF No. 36 at 9; ECF No. 40 at 10-12.) Smith argues that these requests are proper because the deponents have firsthand knowledge as to whether Smith revoked consent to be called by Navient. (ECF No. 40 at 11-12.) Smith also seeks testimony from these witnesses on the training they received. (*Id.*) Navient argues that these deposition requests are improper because Navient already produced recordings of the calls to Smith and because the employees are unlikely remember the calls they made to Smith among the thousands of calls they made to

other consumers. (ECF No. 36 at 9.) Further, Navient argues that its 30(b)(6) designee can testify to employee training. (*Id.*)

## II. Jurisdiction and Venue

The Court has jurisdiction under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this case took place in the Western District of Pennsylvania.

## III. Legal Standard

Federal Rule of Civil Procedure 26 provides the general framework for discovery in federal civil litigation. Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." *See* Fed. R. Evid. 401. In determining whether discovery is proportional to the needs of the case, courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(l).

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide discovery. The party moving to compel discovery under Rule 37 bears the initial burden of proving the relevance of the material requested. *See Morrison v. Phila. Hous.*

*Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). If the movant meets this initial burden, then the burden shifts to the party resisting discovery to establish that discovery of the material requested is inappropriate. *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The party resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982).

Rule 26(c) authorizes a person or party resisting discovery to move for a protective order. If the movant establishes good cause for such an order, then the court may impose restrictions on the extent and manner of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citation omitted). This injury, too, must be shown with specificity; "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not establish good cause. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (citation omitted). Additionally, Rule 26(b)(2)(C) provides that—on motion or its own initiative—the court must limit the extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or that "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(B).

IV. Discussion

    A.     **Smith is Entitled to Depose Navient's 30(b)(6) Designee; However, Some Topics are Irrelevant and Therefore Impermissible, the Scope of Other Topics Must be Narrowed, and Smith is not Entitled to a List of All Calls that Navient Placed to Consumers**

Smith's 30(b)(6) deposition notice (*see* ECF No. 36-1 at 3-8) seeks testimony on a wide range of issues related to Navient's internal processes for calling consumers and retaining consumer information. While many topics in Smith's 30(b)(6) deposition notice properly seek relevant information, several topics are overly broad or seek irrelevant information. Accordingly, the Court will eliminate some topics on Smith's 30(b)(6) deposition notice and limit the scope of others.

        1.     **The Prior Agreement Between Smith's Counsel and Navient's Counsel to Reuse 30(b)(6) Deposition Testimony is not Binding in this Case**

As an initial matter, the Court is not persuaded by Navient's argument that Smith's counsel is bound by a prior agreement between Navient's counsel and Smith's counsel to reuse the 30(b)(6) deposition testimony of a Navient corporate designee in future cases. Despite Navient's argument that this agreement is binding on future cases, the Court does not interpret the agreement that way. When discussing this agreement during a deposition in another case, Smith's counsel (who acted as counsel for the plaintiff in the other prior case) stated that, "if appropriate, after reasonable consideration, we may be able to use that technical deposition [of a Navient designee] in other Navient cases in which the same equipment is at play. That would be subject to future conversation." (ECF No. 36-3 at 3.) Navient's counsel then stated that Smith's counsel's remark "accurately reflects our discussion and agreement." (*Id.* at 4.)

Therefore, it does not appear that the parties intended for this agreement to be binding in future cases.

Moreover, Smith has a right to depose Navient's corporate designee even though the 30(b)(6) deposition in this case may overlap with topics covered in 30(b)(6) depositions in prior cases where Navient was a party. *See Nippo Corp./Int'l Bridge Corp v. AMEC Earth & Environ., Inc.*, No. 09-cv-0956, 2009 WL 4798150, at *4 (E.D. Pa. Dec. 11, 2009) ("Plaintiff's argument that the 30(b)(6) deposition will elicit duplicative information also does not provide grounds for a protective order. The Court finds that the mere possibility of repetitious testimony is not by itself sufficient to justify a protective order barring the taking of depositions.").

### 2. The Court Finds that Certain Topics in Smith's 30(b)(6) Deposition Notice Seek Irrelevant Information or are Overly Broad

While the Court finds that Smith is generally entitled to depose Navient's 30(b)(6) corporate designee, several topics listed on Smith's 30(b)(6) deposition notice are impermissible because they seek irrelevant information or are overly broad. Accordingly, the Court will limit the scope of certain topics and excuse Navient from producing testimony on others.

#### a. Topics 4, 10, 18, 19, and 20 Seek Irrelevant Information and Navient is Not Required to Produce Testimony on These Topics

Topics 4, 10, 18, 19, and 20 in Smith's 30(b)(6) deposition notice seek irrelevant information about Navient's internal systems and processes. For example, topic 4 seeks information on the "[u]se of third parties to collect [debt] for or on behalf of Navient." (ECF No. 36-1 at 4.) This lawsuit, however, does not involve third-party debt collectors.

Similarly, topic 19 seeks information on the "[m]ethods by which the dialing system manages call congestion." (*Id.* at 7.) But this case only involves calls that Navient made to Smith—congestion on Navient's call system has nothing to do with this case.

Topics 10, 18, and 20 likewise seek information about Navient's internal systems and processes. (*See id.* at 5-7.) The Court finds that these topics are wholly irrelevant to Smith's claims in this case. Accordingly, the Court will not permit Smith to question a Navient designee on these topics in a 30(b)(6) deposition. Thus, the Court will **GRANT** Navient's Motion for Protective Order with respect to topics 4, 10, 18, 19, and 20 in Smith's 30(b)(6) deposition notice.

> b. **Topics 5, 7, 8, 9, 14, 21, and 22 are Overly Broad and Navient is Only Required to Respond to the Extent that the Requests Seek Information About Calls Made to Smith**

Topics 5, 7, 8, 9, 14, 21, and 22 in Smith's 30(b)(6) deposition notice are overly broad. Each of these topics seeks testimony on Navient's internal processes. These processes, however, are only relevant in this lawsuit to the extent they relate to calls that Navient made to Smith.

For example, topic 7 seeks information on "[m]ethods by which obtained telephone numbers are stored and used." (*Id.* at 5.) It is possible, yet unlikely, that Navient's storage and use of Smith's number could lead to the discovery of relevant information. But Smith has not demonstrated why he needs broad information on Navient's systems for storing and using all phone numbers. Moreover, discovery on the general methods that Navient uses to store phone numbers is not proportional to the needs of this case. Thus, Navient need only respond to these requests to the extent they seek information about the calls Navient made to Smith.

Similarly, topic 14 seeks information on "[Navient's] policies, procedures, and practices regarding electronic data retention." (*Id.* at 6.) This request is unduly broad—it requests *all* information regarding Navient's electronic data retention systems. The request does not show how these processes and systems relate to Smith's claims.[1] Moreover, a 30(b)(6) deposition on Navient's electronic data retention systems is likely to be highly technical and time consuming, which is not proportional to the needs of this case.

The Court finds that these topics are overly broad and unlikely to yield information relevant to Smith's claims in this case. Accordingly, the Court will permit Smith to question a Navient designee on topics 5, 7, 8, 9, 14, 21, and 22, but only to the extent that the questions relate directly to Navient's calls to Smith. Smith is not permitted to question a Navient designee on Navient's general policies and operations.

### 3. Smith is not Entitled to a Call Log of All Calls that Navient Placed to Consumers

In discussions between counsel, Plaintiff's counsel made the following proposition to Navient's counsel: "we are willing to [re]use Josh [Dries's] deposition [testimony][2] if Navient is willing to produce a report that provides the actual call volumes of the telephone systems used to dial Mr. Smith, during the relevant time period, for each mode." (ECF No. 36-2.)

---

[1] These requests might also seek improper "discovery on discovery." Courts faced with discovery disputes regarding requests for information on document storage and retention have found that these requests are impermissible. *See Ford Motor Co. v. Edgewood Properties, Inc.*, 257 F.R.D. 418, 426-28 (D. N.J. 2009) (holding that a document request seeking information on Ford's document collection and retention system was impermissible without a showing of bad faith); *Brand Energy & Infrastructure Servs. v. Irex Corp.*, 2018 WL 806341, at *6 (E.D. Pa. Feb. 7, 2018) (holding that discovery requests regarding the servers that Defendants used to access and store digital information were impermissible).

[2] Josh Dries is the corporate designee who Navient produced to testify in a prior case involving Smith's counsel and Navient.

Like the 30(b)(6) deposition requests discussed in the preceding section, the Court finds that this request is irrelevant, impermissibly broad, and unduly burdensome. The Court firstly finds that the information Smith seeks—the total volume of calls made from Navient's system—is irrelevant to the issues in Smith's case. Navient's call volumes do not affect whether Navient called Smith after Smith revoked consent to be called. The calls Navient placed to other consumers or the total number of calls Navient places have no bearing on Smith's claim.

Further, Navient argues that it would be unduly burdensome to produce a report about call volumes. Navient represents that it does not keep a log of total call volumes in the ordinary course of business and that it would have to create this report to comply with Smith's request. Navient should not be forced to expend resources to create a document that is irrelevant to Smith's claims. Accordingly, the Court finds that Smith is not entitled to a report of all calls Navient placed on its telephone systems.

Therefore, the Court will **GRANT** Navient's Motion for Protective Order with respect to the irrelevant and overly broad topics in Smith's 30(b)(6) deposition notice and the call log that Smith seeks.

### B. Smith is not Entitled to Documents Regarding Navient's Call-System Transition and TCPA Compliance

Smith seeks "all documents . . . related to Defendant's transition from the Noble phone system to the ININ system, including any studies or findings that were used in the decision-making process." (ECF No. 40 at 7.) Smith argues that these documents will show that Navient "willfully or knowingly" violated the TCPA, which would enhance Smith's damages. (*Id.* at 7-8.)

Navient argues that Smith's request for documents regarding Navient's transition from the Noble phone system to the ININ system is irrelevant and unduly burdensome. (ECF No. 42 at 2-3.) The Court agrees.

The Court is not convinced by Smith's argument that these documents will show that Navient willfully or knowingly violated the TCPA. The issue in this case is whether Navient continued to call Smith after he revoked his consent to be called. The phone system that Navient used to call Smith, in itself, has no effect on whether Navient violated the TCPA. Therefore, documents about the phone-system transition are not relevant to Smith's claim under the TCPA. Accordingly, the Court will **GRANT** Navient's Motion for Protective Order with respect to documents regarding Navient's phone-system transition and TCPA compliance.

### C. Smith is Entitled to Depose the Two Navient Employees Who Called Smith on Their Conversations with Smith, but not on Training or TCPA Compliance

Smith moves to compel the deposition testimony of two Navient call representatives who made collection calls to Smith.[3] (ECF No. 40 at 11.) Smith argues that this testimony is relevant to his claim against Navient because these two call representatives have firsthand knowledge as to whether Smith revoked consent to be called. (*Id.*) Further, Smith argues that these witnesses can testify on the training they received on collection practices and TCPA compliance. (*Id.* at 12.)

In response, Navient argues that these depositions are unnecessary because Navient already produced recordings of the calls that these representatives made to Smith. (ECF No. 42

---

[3] The two Navient call representatives referenced in this section are representatives number E71814 and number E76910. (ECF No. 40 at 10.)

at 5.) Navient points out that these two call representatives are unlikely to have information relevant to Smith's claims because they spoke with thousands of consumers while working at Navient, and are unlikely to remember their calls to Smith. (*Id.*) Moreover, Navient argues that testimony from these Navient representatives on training and TCPA compliance is unnecessary because Navient's corporate designee will testify on these subjects.

The Court finds that Smith is entitled to depose these Navient call representatives about their phone conversations with Smith. The call representatives have firsthand knowledge about whether Smith revoked consent to be called. And although Navient already produced recordings of these calls, the call representatives may have insight into how they interpreted Smith's statements. Their testimony may yield relevant information—namely, whether Smith revoked consent to be called, which is the central issue in this case.

However, the Court finds that Smith is not entitled to depose Navient's call representatives on the training they received on collections practices and TCPA compliance. The Court agrees with Navient that this testimony would be duplicative of information Smith seeks from Navient's 30(b)(6) designee. (*See* ECF No. 36-1 at 4 (requesting information from Navient's 30(b)(6) designee on "[t]raining of collectors on compliance with the TCPA" and "[p]olicies and procedures regarding compliance with the TCPA").) Accordingly, the Court will **GRANT** Smith's Motion to Compel the deposition of these two Navient employees and **GRANT** Navient's Motion for Protective Order to the extent that Navient's call representatives do not have to testify about their training on collection practices and TCPA compliance.

## V. Conclusion

For the foregoing reasons, the Court will **GRANT** the Motions **IN PART** and **DENY** them **IN PART**. A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY J. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>Defendant. | ) <br> ) <br> ) CIVIL ACTION NO. 3:17-191 <br> ) <br> ) JUDGE KIM R. GIBSON <br> ) |

### ORDER

AND NOW, this 8th day of November, 2018, upon consideration of Defendant Navient's Motion for Protective Order (ECF No. 36) and Plaintiff Smith's Motion to Compel Discovery (ECF No. 39), **IT IS HEREBY ORDERED** that the Motions are **GRANTED IN PART** and **DENIED IN PART**.

Specifically, the Court orders the following:

(1) Any prior agreement between Smith's counsel and Navient's counsel to reuse the 30(b)(6) deposition testimony of Navient's corporate is not binding in this case;

(2) Navient is not required to produce deposition testimony on topics 4, 10, 18, 19, and 20 in Smith's 30(b)(6) deposition notice;

(3) Navient is only required to produce deposition testimony on topics 5, 7, 8, 9, 14, 21, and 22 in Smith's 30(b)(6) deposition notice to the extent that these topics directly involve calls Navient made to Smith. Smith is not entitled to deposition testimony on these topics to the extent that he seeks general information on Navient's practices and procedures;

(4) Navient is not required to produce a call log that shows the volume of calls Navient placed to consumers;

(5) Navient is not required to produce documents regarding Navient's call system transition and TCPA compliance; and

(6) Smith is entitled to depose Navient call representatives E71814 and E76910. However, these depositions are to be limited in scope to the representatives' conversations with Smith. Smith shall not seek testimony about the call representatives' training on TCPA compliance.

**IT IS FURTHER ORDERED** that the period to conduct discovery is extended. The parties are to complete fact discovery by **February 8, 2019.** The parties shall complete expert discovery by **March 1, 2019.** The parties shall file dispositive motions by **March 21, 2019.**

The post-discovery status conference previously scheduled for December 7, 2018 is hereby cancelled. The Court will hold a post-discovery status conference on **February 27, 2019 at 11:00 a.m.**

BY THE COURT:

*/s/ Kim R. Gibson*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE